## William Harper v. City of Sterling.

1. CONSTRUCTION OF CONTRACTS.—*Acceptance of Stone for Paving Purposes.*—Where a city entered into a contract with the proprietor of a stone quarry, by which it was to place a stone crusher in his quarry, and the proprietor was to furnish and deliver at the crusher all the stone it might require to macadamize certain streets, such stone to be measured in the streets when finished, and in the course of the business the proprietor delivered at the crusher a quantity of stone which was accepted by the city and crushed, but was not used, and so could not be measured in the streets as the contract required, *it was held* that the city, having received and crushed the stone, could not avoid paying for it by merely failing to haul it upon the streets and place it therein.

Assumpsit, for stone sold and delivered. Trial in the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Verdict and judgment for plaintiff for $105; appeal by plaintiff. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

H. C. WARD and J. E. McPHERRAN, attorneys for plaintiff in error.

WALTER N. HASKELL and C. L. SHELDON, attorneys for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

A written contract was entered into between the city of Sterling, the party of the first part, and William Harper, the party of the second part, whereby the city was to have the right to place and operate a stone crusher in Harper's quarry at Rock Falls, and Harper was to furnish to the city at the crusher "all of the stone that said first party may require" to macadamize certain streets, the stone to be measured in the street when finished, for which the city was to pay $2.50 per cord of crushed stone. After the work was done and Harper had been paid certain sums, he was dissatisfied with the estimate of the city engineer, who assumed no more crushed stone had been put upon the streets than the twelve inches at the center of the street and

nine inches at the curb called for by the vote of the council directing the work to be done.   Harper claimed that the street, when prepared to receive the stone, was not up to grade, and that the city engineer filled holes and depressions therein with Harper's stone to bring it up to the grade required, as the foundation upon which the filling called for by the contract was to be placed, and that he should be paid therefor.   He brought this suit for the balance he claimed still due.   The trial court sustained his contention in this regard, and allowed proof of the actual depth of the stone in the finished street.   He had already been paid in full, according to the city engineer's estimate, and upon the trial the jury awarded him $105 for the excess of material used.   Plaintiff moved for a new trial, which was denied, and he appeals from a judgment on the verdict in his favor.   We are unable to say the proof justified any larger allowance for the excess of material so incorporated in the street.

The court refused to admit further proof offered by the plaintiff of the number of loads of crushed stone hauled from said crusher and delivered upon the street.   It is evident the contract did not intend the measurement of loose material, but of the stone as it was in the street when properly finished.   The evidence on each side shows the stone in the finished street could be and was measured at various points, and the court therefore properly refused to admit proof of the number of loose loads delivered on the street.

By the contract Harper was to deliver stone at the crusher equal to a certain sample previously submitted by him, and the city engineer was made the judge whether the stone furnished was equal to the sample.   Plaintiff offered to prove that, in addition to the stone which the city hauled upon the street, he delivered to it sixty-eight cords of stone at the crusher, which the city crushed, and which was fit and suitable to be used upon the street, and which complied with the sample he submitted to the city, and that no part of it was rejected either by the city council or the city engineer as not being suitable for the making of streets, or

as not being in accordance with the sample furnished by him, but that the city, after crushing it, had not used it. The court sustained an objection to this testimony. It is true, this stone not having been put into the street by the city could not be measured in a finished street, as the contract required. Yet we are of opinion that the city, having received and crushed the stone, could not avoid paying for it by merely failing to haul it upon the streets and place it therein. We think the testimony should have been admitted. Very likely sixty-eight cords of loose stone at the crusher would not make that number of cords in a finished street, but the evidence shows that the quantity it would make in a finished street is susceptible of ascertainment.

In modifying instructions for plaintiff the court left it to the jury to determine whether a roller was to be used in making the streets. A roller was, in fact, used. The contract said nothing about the use of a roller, but it contemplated the measurement of the stone in a properly finished street. If the use of such a roller was not proper it was for the plaintiff to prove it. Our attention is not called to any evidence that the use of the roller was improper. In the absence of evidence upon the subject the modification should not have been made, but it was favorable to plaintiff and gives him no ground of complaint. The instructions in question were not proper as offered, and should have been refused. For the refusal to admit proof of the stone which the city crushed and did not use, the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.